UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES H. CAMPBELL, III,

    Plaintiff,

v.                                                  CASE NO.: 8:14-cv-2270-T-23MAP

R.E. GARRISON
TRUCKING, INC., et al.,

    Defendants.
_____/

**ORDER**

Alleging damages in excess of $15,000, the plaintiff sued (Doc. 2) on August 27, 2013, in state court. On October 15, 2013, the defendants removed, but a November 22, 2013 order (Case No. 8:13-cv-2643, Doc. 6) remands the action because the defendants offered no evidence to support their assertion that the amount in controversy exceeds $75,000. Citing diversity of citizenship, on September 11, 2014 — more than one year after the plaintiff filed the August 27, 2013 complaint — the defendants again removed (Doc. 1). Alleging that the defendants' removal is untimely and fails to show that the amount in controversy exceeds $75,000, the plaintiff again moves (Doc. 4) to remand.

28 U.S.C. § 1446(c)(1) states, "A case may not be removed . . . on the basis of [diversity] jurisdiction conferred . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order

to prevent a defendant from removing the action." The notice of removal fails to address the one-year limitation in Section 1446(c)(1). In response to the plaintiff's motion to remand, which cites the statute, the defendants assert only that:

> Plaintiff has continually harassed Defendants, amounting to bad faith, by erroneously claiming that counsel for Defendants possess and withhold documentation while counsel for Defendants possess no such documentation. This bad faith constitutes the exception to removing a case beyond a year after commencement of the action under 28 U.S.C. § 1446(c)(1).

(Doc. 9 at ¶ 10) The defendants' assertion is accompanied by no citation to fact and, considered alone, fails (by a wide margin) to support a finding of bad faith. Further, even accepted as true, the defendants' assertion fails to demonstrate why the plaintiff's "erroneous" assertion prevented the defendants from removing within one year.

Even if the defendants had removed within one year, the defendants persist stubbornly in their failure to demonstrate that the amount in controversy exceeds $75,000. To demonstrate the amount in controversy, the notice of removal relies on "settlement negotiations" in which the plaintiff "made an honest assessment of damages." (Doc. 1 at ¶ 8) The removal notice's vague assertion is accompanied by no citation to fact[*] and might be "nothing more than posturing by plaintiff's counsel for settlement purposes." *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256

---

[*] Further, the assertion contains no description of when the negotiations occurred. The plaintiff asserts plausibly, and the defendant implicitly admits, that the "settlement negotiations" are the same negotiations that the defendants cited in the first, October 15, 2013 removal. Thus, the negotiations occurred far too long ago to support a notice of removal. *See* 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within 30 days after receipt by the defendant . . . of a . . . paper from which it may first be ascertained that the case is one which is or has become removable.").

(N.D. Ga. 1996) (O'Kelley, J.); *accord Piazza v. Ambassador II JV, L.P.*, 2010 WL 2889218 (M.D. Fla. 2010) (Merryday, J.). Therefore, the demand "does not show removal jurisdiction is proper." *Standridge*, 945 F. Supp. at 256.

Also, to demonstrate the amount in controversy, the defendants cite a September 2, 2014 "correspondence" with the plaintiff's counsel. However, despite declaring that the correspondence is attached as "Exhibit 'A,'" the removal notice has no correspondence attached. (The two attachments — Docs. 1-1 and 1-2 — are the civil cover sheet and the state court complaint.) Nonetheless, the plaintiff attached the correspondence — an exchange of two brief e-mails — to the motion to remand. In the e-mails, the defendants' counsel baits the plaintiff into re-stating the settlement demand. The defendants' counsel states, "[I]t is my understanding that your last demand for settlement was $200,000 . . . . I presume my understanding is correct, but please fell free to contact me if I am in error . . . ." (Doc. 4-4 at 11) The plaintiff's counsel bluntly responds, "Your understanding is not correct. Our last demand was $2,000,000." (Doc. 4-4 at 11) The e-mail demand cites no facts and offers no argument that the amount in controversy exceeds $75,000. As the November 22, 2013 remand order in the earlier action explains to the defendants, the plaintiff's unsupported settlement demand "cannot be considered a reliable indicator of the damages [the] plaintiff is seeking."

Even if an unsupported demand could justify removal, this unsupported e-mail demand cannot. The plaintiff persuasively argues that the defendant deliberately

- 3 -

misrepresented the plaintiff's demand so that the plaintiff would re-state a demand already familiar to the defendants. The plaintiff cites a July 24, 2013 letter (Doc. 4-1 at 4) addressed to the defendants that demands $2,000,000 — the same amount demanded in the September 2, 2014 e-mail. The defendants respond with silence and forbear the opportunity to explain why they believed that the demand equaled $200,000. The plaintiff's argument is further supported by the defendants' email, which misstates the demand and tells the plaintiff to "feel free" to correct the error.

The defendants remove this action under Section 1446(b)(3), which says that "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a . . . paper from which it may first be ascertained that the case is one which is or has become removable." Even if the September 2, 2014 e-mail could prove that the amount in controversy exceeds $75,000, the e-mail is not the paper "from which it may be first ascertained" that the amount in controversy exceeds $75,000; that e-mail simply re-stated a long-standing demand both contained in an earlier paper and already known to the defendants. Finally, even if the September 2 e-mail changed the demand from $200,000 to $2,000,000, the demand offered nothing for removal because the plaintiff had already demanded an amount that exceeded $75,000.

The plaintiff's motion (Doc. 4) to remand is **GRANTED**. This action is **REMANDED** under 28 U.S.C. § 1447(c) for failure to establish subject matter jurisdiction. Jurisdiction is retained to award attorney's fees. The clerk is directed (1) to mail a certified copy of this order to the clerk of the Circuit Court for Polk

County, Florida, (2) to terminate any pending motion, and (3) to close the case. Also, the plaintiff's motion (Doc. 4) for attorney's fees is **GRANTED**. As the plaintiff explains, "Not only did Defendants lack any reasonable basis [for removal], but the Court has already *told* them they do not have a reasonable basis." (Doc. 4 at 11) The plaintiff is entitled to the amount of attorney's fees incurred by the plaintiff in prosecuting the motion to remand. If the parties agree on the amount of attorney's fees, no later than **DECEMBER 15, 2014**, the parties must announce the agreement. If the parties disagree on the amount, no later than **DECEMBER 15, 2014**, the plaintiff must submit a sworn and itemized affidavit of attorney's fees in five or fewer pages. The submission should include whether the defendants or the defendants' counsel is liable for the fees. No later than **DECEMBER 22, 2014**, the defendant may respond in five or fewer pages. After either the announcement of the parties' agreement or the receipt of the December 12 paper and the December 19 paper, a money judgment will issue for the amount of attorney's fees.

ORDERED in Tampa, Florida, on December 2, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE